# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CHARLIE WILLIAMS, | * | |
| | * | |
| Movant, | * | CIVIL ACTION NO.: 2:21-cv-74 |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: 2:19-cr-67) |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court is Movant Charlie Williams' ("Williams") Motion to Re-Open Habeas Judgment under Federal Rule of Civil Procedure 60(b)(3). Dkt. No. 8. The Government filed a Motion to Dismiss, to which Williams responded. Dkt. Nos. 11, 12. For the reasons which follow, the Court **GRANTS** the Government's Motion to Dismiss and **DENIES** Williams' Motion. The Court's October 27, 2021 Order remains the Order of this Court, and this case remains **CLOSED**.

**I.   Background**

Williams was indicted for possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). United States v. Williams, 2:19-cr-67 ("Crim. Case"), ECF No. 1. Based on this charge, Williams faced a sentence of at least 10 years', but not more than life,

AO 72A
(Rev. 8/82)

imprisonment upon conviction. Id. at ECF No. 2. Williams and the Government entered into an agreement whereby Williams agreed to plead guilty to a lesser included offense, which subjected him to a maximum sentence of 40 years' imprisonment. Id. at ECF No. 80, p. 2. The Court sentenced Williams to 190 months' imprisonment on September 30, 2020. Id. at ECF No. 64. Williams filed a notice of appeal to the Eleventh Circuit Court of Appeals, and he later moved to voluntarily dismiss his appeal. Id. at ECF Nos. 68, 76, 77.

Williams, through counsel, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Dkt. No. 1. Williams asserted his trial counsel rendered ineffective assistance because he told Williams he would receive a sentence of five years in prison if he cooperated with the Government. However, his trial counsel later told him he would not be getting a five-year sentence because his cooperation was not as previously believed.[1] Williams contended he would not have pleaded guilty but for trial counsel's assurance. Id. at 4. The Government moved to dismiss Williams' § 2255 motion, arguing Williams' guilty plea was entered into knowingly and voluntarily and could not sustain his ineffective assistance claim. Dkt. No. 4 at 2. When Kimberly Copeland, Williams' § 2255 motion

---

[1]   In his memorandum in support, Williams stated his trial counsel informed him his sentence would not exceed seven years in prison. Dkt. No. 3 at 6.

2

counsel, failed to file a response to the motion to dismiss within the requisite time, United States Magistrate Judge Benjamin Cheesbro recommended granting as unopposed the motion to dismiss and dismissing without prejudice Williams' § 2255 motion. Dkt. No. 5. On October 27, 2021, the Court adopted these recommendations and entered judgment closing this case. Dkt. Nos. 6, 7.

Williams has now filed a Motion to Re-Open under Rule 60(b)(3). Dkt. No. 8. The Government filed a Motion to Dismiss, to which Williams responded. Dkt. Nos. 11, 12. These matters are ripe for review.

## II. Discussion

Williams asserts his § 2255 counsel committed a fraud upon him and this Court. Dkt. No. 8 at 1. Specifically, Williams contends Ms. Copeland failed to respond to the Government's motion to dismiss his § 2255 motion because his family could not pay Ms. Copeland's entire fee. Id. at 2. According to Williams, Ms. Copeland's "fraud" and "misrepresentation" denied him the right to present his post-conviction claims fully and fairly. Id. Williams notes he sent two letters to Ms. Copeland, in February and March 2022, to inquire about the status of his case, and Ms. Copeland never mentioned the Court dismissed his § 2255 motion. Id. at 3.

3

The Government moves to dismiss Williams' Motion because Williams filed his Rule 60(b)(3) Motion more than a year after the Court's dismissal of his § 2255 motion. Dkt. No. 11 at 1. In addition, the Government notes the Court should dismiss Williams' Motion, even if the Court considers the Motion as being made under Rule 60(b)(6). Id.

In his Response, Williams contends the Government overlooks the arguments he raises in his Motion relating to Rule 60(b)(3). Dkt. No. 12 at 1-2. Williams again alleges Ms. Copeland committed fraud upon him and the Court. Id. at 2. Williams contends he is not attacking the merits of this Court's ruling but a "defect" in the post-conviction proceedings. Id. In the alternative, Williams asks the Court to construe his Motion as being made under Rule 60(d)(3) because Ms. Copeland's conduct prevented him from fully and fairly presenting his case.[2] Id. at 3.

**A.   Rule 60(b)(3)**

A court "may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

---

[2] While Williams asks the Court to alternatively construe his Motion as being brought under Rule 60(d)(3), he uses cases and language relating to Rule 60(b)(3). Dkt. No. 12 at 3-4. Because Williams asks the Court to review his claim under Rule 60(d)(3) as an alternative ground, the Court does not address the Government's Rule 60(b)(6) ground advanced in its Motion to Dismiss.

4

opposing party[.]" Fed. R. Civ. P. 60(b)(3). A Rule 60(b) motion "must be made within a reasonable time," and a Rule 60(b)(3) motion can be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

This Court entered judgment dismissing Williams' § 2255 motion on October 27, 2021. Dkt. No. 7. Williams did not file his Motion to Re-open under Rule 60(b)(3) until June 5, 2023. Dkt. No. 8. Because Williams' Motion was not filed until more than one and one-half years after this Court's judgment, it is untimely. The Court **GRANTS** the Government's Motion to Dismiss and **DENIES** Williams' Motion as untimely.

### B.    Rule 60(d)(3)

Rule 60(d)(3) allows for relief from a final judgment that is more than one year old if the movant can show "fraud on the court." Fed. R. Civ. P. 60(d)(3). "Where relief from a judgment is sought due to fraud on the court, the fraud must be established by clear and convincing evidence." Gupta v. Walt Disney World Co., 482 F. App'x 458, 459 (11th Cir. 2012) (citing Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987)). "'[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.'" Id. (quoting Rozier v. Ford Motor Co., 573 F.2d 1332,

5

1338 (5th Cir. 1978)). "Stated differently, the movant must show an "unconscionable plan or scheme" to improperly influence the court's decision." Id. "Fraud between parties does not constitute fraud on the court, as it does not carry the same threat of public injury." Id. (citing SEC v. ESM Group, Inc., 835 F.2d 270, 273 (11th Cir. 1988)).

Williams fails to show Ms. Copeland committed fraud upon this Court by any measure—and certainly not by clear and convincing evidence. Even if the Court assumes Plaintiff's allegations regarding Ms. Copeland's responses to Williams' inquiries about his case are true, dkt. no. 1 at 6, these allegations would fail to satisfy Rule 60(d)(3)'s requirements. The Court **DENIES** Williams' Motion to Re-open on this alternative basis.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** the Government's Motion to Dismiss and **DENIES** Williams' Motion. The Court's October 27, 2021 Order remains the Order of this Court, and this case remains **CLOSED**.

**SO ORDERED**, this \_\_13\_\_ day of \_\_July\_\_, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA